JOSEPH S. LEVENTHAL (221043)
joseph.leventhal@dinsmore.com
ELVIRA CORTEZ (275626)
elvira.cortez@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619-400-0500
Facsimile:   619-400-0501

Attorneys for Defendant
GC Services Limited Partnership

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ELHENDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.: **8:19-cv-02246-JVS (JDEx)**<br><br>**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>District Judge:  Hon. James V. Selna<br>Magistrate Judge:  Hon. John D. Early<br><br>Complaint filed:  November 18, 2019<br>Trial date:  Not yet assigned |

Defendant GC Services Limited Partnership ("GC Services"), for its answer to the Complaint of Plaintiff Mohamed Elhendi ("Plaintiff's Complaint"), denies each and every allegation contained therein except any allegations which may be hereinafter specifically admitted. For further answer, utilizing the same paragraph numbering as utilized in Plaintiff's Complaint, GC Services alleges and states as follows:

### Response to Introduction

1.     The allegations contained in Paragraph 1 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

2. The allegations contained in Paragraph 2 are argumentative, incomprehensible as drafted, and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

3. The allegations contained in Paragraph 3 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

**Response to Jurisdiction and Venue**

4. The allegations contained in Paragraph 4 are an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent a response is required, GC Services admits only that it has a location in Texas and some of its business may occur in California, asserts it lacks sufficient information or knowledge to admit or deny Plaintiff's residency and, therefore, denies same, and denies any remaining allegations.

5. The allegations contained in Paragraph 5 are an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

6. The allegations contained in Paragraph 6 are an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent a response is required, GC Services admits only that some of its business may occur in California, asserts it lacks sufficient information or knowledge to admit or deny Plaintiff's residency and, therefore, denies same, and denies any remaining allegations.

**Response to Parties**

7. The allegations contained in Paragraph 7 are argumentative and an incomplete recitation of the statutes cited and state legal conclusions with regard to "consumer," "debtor," and "person," to which no response is required, and, to the extent a response is required, GC Services denies the same. By way of further answer, GC Services lacks

1  sufficient information or knowledge to admit or deny the residency of Plaintiff and, therefore, denies same.

2. 8. The allegations contained in Paragraph 8 are argumentative and an incomplete recitation of the statutes cited and assert legal conclusions as to the terms "debt collector," "debt" and "person" to which no response is required. To the extent that a response is required, GC Services admits only that part of its business includes using mail and/or telephone to contact individuals in various locations, including the state of California, who reportedly owe amounts to others in an effort to obtain payment on those amounts and that GC Services Limited Partnership is a business. The remainder of the allegations in Paragraph 8 appear to call for a legal conclusion to which no response is required; however, to the extent a response is required, GC Services denies the same.

9. The allegations contained in Paragraph 9 concern parties other than GC Services, to which GC Services has insufficient information or knowledge to admit or deny, and, therefore, denies the same.

10. The allegations contained in Paragraph 10 concern parties other than GC Services, to which GC Services has insufficient information or knowledge to admit or deny, and, therefore, denies the same. To the extent the allegations within Paragraph 10 apply to GC Services, those allegations are denied.

### Response to Factual Allegations-TCPA

11. The allegations contained in Paragraph 11 are incomprehensible as drafted and do not require a response. To the extent a response is required, GC Services admits only that it contacted a phone number ending in 3322 for an account that had been placed with it in an effort to obtain payment on an amount owed, denies it contacted the phone number 3322 in September 2018, and denies any remaining allegations.

12. GC Services has insufficient information to admit or deny the vague, incomprehensible allegations contained in Paragraph 12, and to the extent a response is required denies the same.

///

13. The allegations contained in Paragraph 13 include an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent the allegations in Paragraph 13 include factual assertions, the allegations are denied.

14. The allegations contained in Paragraph 14 include an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

15. The allegations contained in Paragraph 15 include an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent the allegations in Paragraph 15 include factual assertions, GC Services has insufficient information to admit or deny the allegations, and to the extent a response is required denies the same.

16. Denied.

17. The allegations contained in Paragraph 17 include an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent the allegations in Paragraph 17 include factual assertions, GC Services asserts consent was given to call phone number ending 3322 and further asserts it properly honored an oral do not call received, and denies any remaining factual assertions.

## Response to Factual Allegations-FDCPA

18. GC Services has insufficient information to admit or deny the allegations contained in Paragraph 18, and to the extent a response is required denies the same.

19. GC Services admits only that is contacted phone number ending 3322 in October 2018 and denies any remaining allegations in Paragraph 19.

20. GC Services admits only that it contacted phone number ending 3322 in an effort to obtain payment on an amount reportedly owed and denies any remaining allegations in Paragraph 20.

///

21. GC Services admits only that a person who answered phone number 3322 requested that calls cease and denies any remaining allegations contained in Paragraph 21. GC Services further asserts that the do not call request was honored.

22. GC Services has insufficient information to admit or deny the allegations contained in Paragraph 22, and to the extent a response is required denies the same.

23. The allegations contained in Paragraph 23 and all its sub-parts include incomplete recitations of the statutes cited and state legal conclusions to which no response is required; to the extent a response is required, GC Services denies the same. To the extent the allegations in Paragraph 23 include factual assertions, GC Services denies the same.

24. The allegations contained in Paragraph 24 do not require a response, but to the extent that factual allegations are contained therein, those allegations are expressly denied. GC Services denies that Plaintiff is entitled to any relief.

## Response to Class Action Allegations

25. GC Services denies that class certification is appropriate. GC Services has insufficient information to admit or deny the "allegations" contained in Paragraph 25 and, to the extent a response is required, denies the same.

26. The allegations contained in Paragraph 26 are incomprehensible as drafted. To the extent a response is required, GC Services lacks sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, denies the same. GC Services further denies any factual assertions in Paragraph 26 and specifically denies that class certification is appropriate.

27. The allegations contained in Paragraph 27 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the same and specifically denies that class certification is appropriate for this case.

28. The allegations contained in Paragraph 28 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC

Services denies the same and specifically denies that class certification is appropriate for this case.

29. The allegations contained in Paragraph 29 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the allegations in Paragraph 29 and specifically denies that class certification is appropriate for this case.

30. The allegations contained in Paragraph 30 and its subparts are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the allegations in Paragraph 30 and specifically denies that class certification is appropriate for this case

31. The allegations contained in Paragraph 31 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services denies the factual assertions in Paragraph 31 and specifically denies that class certification is appropriate for this case.

32. The allegations in Paragraph 32 state a legal conclusion to which no response is required. To the extent a response is required, any factual allegations contained in Paragraph 32 are denies and GC Services specifically denies that class certification is appropriate for this case.

33. The allegations contained in Paragraph 33 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services has insufficient information to admit or deny the remaining allegations contained in Paragraph 33 and, to the extent a response is required, denies the same. GC Services specifically denies that class certification is appropriate for this case.

34. The allegations contained in Paragraph 34 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services has insufficient information to admit or deny the remaining allegations contained in Paragraph 34 and, to the extent a response is required, denies the same. GC Services specifically denies that class certification is appropriate for this case.

35. The allegations contained in Paragraph 35 are argumentative and state a legal conclusion to which no response is required. To the extent a response is required, GC Services has insufficient information to admit or deny the remaining allegations contained in Paragraph 35 and, to the extent a response is required, denies the same. GC Services specifically denies that class certification is appropriate for this case.

### Response to First Cause of Action – Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.

36. GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 35 and all sub-paragraphs as if set forth fully herein.

37. The allegations contained in Paragraph 37 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same.

38. The allegations contained in Paragraph 38 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. GC Services denies that "Plaintiff" or "Plaintiff and Class Members" is entitled to any relief.

39. The allegations contained in Paragraph 39 do not require a response, but to the extent that factual allegations are contained therein, those allegations are expressly denied. GC Services denies that "Plaintiff" or "Plaintiff and Class Members" are entitled to any relief.

### Response to Second Cause of Action- Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C.§227 et seq. By Plaintiff and The Class Against Defendant

40. GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 39 and all sub-paragraphs as if set forth fully herein.

41. The allegations contained in Paragraph 41 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent

that factual allegations are contained within Paragraph 41, those allegations are expressly denied.

42. The allegations contained in Paragraph 42 are argumentative and an incomplete recitation of the statutes cited and state a legal conclusion to which no response is required; to the extent a response is required, GC Services denies the same. To the extent that factual allegations are contained within Paragraph 42, those allegations are expressly denied. GC Services denies that Plaintiff is entitled to any relief.

43. The allegations contained in Paragraph 43 do not require a response, but to the extent that factual allegations are contained therein, those allegations are expressly denied. GC Services denies that Plaintiff is entitled to any relief.

**Response to Third Cause of Action- Violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. By Plaintiff, Individually, Against Defendant**

44. GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 43 and all sub-paragraphs as if set forth fully herein.

45. The "allegations" contained in Paragraph 45 are incomprehensible as drafted and are denied.

**Response to Fourth Cause of Action- Violations of the Rosenthal Fair Debt Collection Practices Act Cal. Div. Code § 1788 et seq. By Plaintiff, Individually, Against Defendant**

46. GC Services incorporates by reference its answers to the allegations in Paragraphs 1 through 45 and all sub-paragraphs as if set forth fully herein.

47. Denied.

**Response to Prayer for Relief**

Plaintiff's Prayer for Relief, beginning with "**WHEREFORE**" and including prayers for the **FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION,** and **FOURTH CAUSE OF ACTION**, do not require a response, but to the extent that factual allegations are contained therein, those allegations are expressly denied. GC Services denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

For further answer to Plaintiff's Complaint, GC Services alleges the following defenses. By asserting the matters below, GC Services does not assume the burden of proof on the allegations that do not constitute affirmative defenses and with regard to which Plaintiff bears the burden of proof.

1. Plaintiff has failed to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's claims are barred because he is not entitled to the relief requested as a matter of law.

3. Plaintiff's claims are barred by the statute of limitations.

4. Plaintiff's claims are barred by Plaintiffs' own wrongful conduct.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of latches, estoppel and/or waiver.

6. GC Services has taken no actions against Plaintiff in violation of any agreement or legal duty.

7. GC Services has not engaged in any unlawful conduct against Plaintiff.

8. Any alleged actions by GC Services did not cause damage to Plaintiff.

9. Plaintiff has failed to mitigate his damages, if any.

10. GC Services is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding GC Services' maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiff lacks article III standing to bring this Complaint.

12. Any purported damages suffered by Plaintiff were caused in whole or in part by the actions or omissions of third parties over whom GC Services has no control, authority, or responsibility and the conduct of said third parties constitutes an intervening or superseding cause of Plaintiff's alleged damages, if any.

///

13.   Plaintiff's claims are subject to an arbitration provision thus venue in this court is improper.

14.   Plaintiff and/or a customary user of the subject telephone number consented to receive any telephone calls at issue.

15.   Plaintiff did not revoke consent to receive calls or, alternatively, any purported revocation of consent by Plaintiff was ineffective or properly honored.

16.   Plaintiff's damages claim under the TCPA is barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate GC Services' rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

17.   The Complaint fails to state a valid claim for attorneys' fees, expenses, or costs.

18.   Defendant specifically invokes any and all applicable caps or other limits on damages.

19.   Defendant is entitled to all defenses, presumptions, and inferences provided by the FDCPA, 15 U.S.C. § 1692 et seq. and the Rosenthal Act, Cal. Civ. Code § 1788 et seq.

20.   Defendant acted properly, in good faith, with probable cause, and without malice at all times, and to the extent there were any violations of law, such purported violations were not done by Defendant with the requisite malice, intent or knowledge.

21.   Defendant seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiff that may be available under the FDCPA and the Rosenthal Act, including but not limited to fees under 15 U.S.C. § 1692k(a), Cal. Civ. Code § 1788.30, under Civ. R. 54(d)(1), or otherwise.

22.   Plaintiff cannot maintain this action as a class action because the proposed class is overly broad and unascertainable.

///

///

23. Plaintiff cannot maintain this action as a class action because there are no questions of fact or law common to the proposed class that predominate over any questions affecting only individual members.

24. Plaintiff cannot maintain this action as a class action because the representative party will not fairly and adequately protect the interests of the proposed class.

25. Plaintiff cannot maintain this action as a class action because the class action is not an appropriate method for the fair and efficient adjudication of this controversy.

26. Plaintiff cannot maintain this action as a class action because GC Services did not maintain common, uniform policies or practices applicable to the proposed class.

27. Plaintiff cannot maintain this action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure because the action seeks predominately monetary relief.

28. Class-wide final injunctive and/or declaratory relief is not appropriate in this case because GC Services has not acted or refused to act on grounds that are generally applicable to the putative class.

29. GC Services reserves the right to assert additional affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

WHEREFORE, GC Services requests that the Court deny all relief requested by Plaintiff and enter judgment in favor of GC Services on all of Plaintiff's claims and that GC Services be awarded its taxable costs and all such other and further relief as the Court deems just and proper.

Dated: January 30, 2020                              DINSMORE & SHOHL LLP

By:   *s/ Joseph S. Leventhal*
Joseph S. Leventhal
joseph.leventhal@Dinsmore.com

Attorneys for Defendant
GC Services Limited Partnership

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 30, 2020, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>Phone: (323) 306-4234<br>Fax: (866) 633-0228<br>Email: tfriedman@toddflaw.com<br>          abacon@toddflaw.com | ***Attorneys for Plaintiff***<br>***MOHAMED ELHENDI*** |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

                                        */s/ Joseph S. Leventhal*
                                        Joseph S. Leventhal